UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDEZ-BAROCIO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Respondents. | Case No. 20-03558 EJD<br><br>**ORDER OF DISMISSAL;<br>ADDRESSING PENDING MOTIONS**<br><br><br>(Docket Nos. 3, 4, 5, 6, 14, 15) |

On May 28, 2020, Petitioner, a detainee being held at the Mersa Verde ICE Processing Center, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Along with the petition, Petitioner filed a motion for a temporary restraining order, Dkt. No. 3, a motion for leave to proceed in forma pauperis ("IFP"), Dkt. No. 4, a motion for stay of removal, Dkt. No. 5, and a motion to appoint counsel, Dkt. No. 6. He subsequently filed two "motion to amend/correct." Dkt. Nos. 14, 15. For the reasons discussed below, this matter must be dismissed.

## DISCUSSION

### A. Jurisdiction

According to the petition, Petitioner has been detained since 2018, pending removal

proceedings based on convictions in the State of California. Dkt. No. 1 at 12-13. Petitioner states that his removal case is "ongoing and has involved appeals to the BIA." Id. at 13. After a petition for writ of habeas corpus was denied in the Eastern District, Petitioner appealed to the Ninth Circuit. Id. Currently, the matter is pending before the Ninth Circuit. Id. at 14.

District courts have habeas jurisdiction under 28 U.S.C. § 2241 to review final orders of removal on constitutional and statutory grounds, provided that judicial review is unavailable in the court of appeals. See INS v. St. Cyr, 533 U.S. 289, 314 (2001). Here, Petitioner admits that his removal case is ongoing and that he is waiting review in the Ninth Circuit. Judicial review of final orders of removal is exclusively vested in the courts of appeals, rather than in the district courts, and the procedures for review are generally governed by the Hobbs Administrative Orders Act (codified at 28 U.S.C. §§ 2341-2351). 8 U.S.C. § 1252(a)(1) (Supp. 1998). Accordingly, this Court has no basis for jurisdiction over this action, particularly when the matter is pending before the appellate court.

Furthermore, Petitioner admits that he has not exhausted this matter, and urges this Court to waive exhaustion. Dkt. No. 1 at 17. As a prudential matter, aliens filing habeas petitions also must exhaust available judicial remedies. Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541 (9th Cir. 2004); Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). Although courts have discretion to waive the prudential exhaustion requirement, that discretion is not unfettered. Id. at 998. Lower courts are not free to address the underlying merits without first determining that the exhaustion requirement has been satisfied or may properly be waived. Id. As to waiver, the concerns are similar to those which govern waiver of an administrative exhaustion requirement, such as that the administrative remedies are inadequate or not efficacious, futility, irreparable injury (presumably from delay), that the administrative proceedings would be void, or in certain circumstances, that the litigant has raised a substantial constitutional question. Id. (citing S.E.C. V. G.C.

George Sec, Inc., 637 F.2d 685, 688 (9th Cir. 1981), and Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003)). And, because the court of appeals has jurisdiction to determine its jurisdiction in applications for review of orders of removal under 8 U.S.C. § 1227(a)(2) (removal of aliens convicted of certain enumerated crimes), which requires the appellate court to determine whether the alien in fact has been convicted of one of the enumerated crimes, the filing of a petition for review in such cases is not futile; therefore, futility is not a grounds for waiver of the exhaustion rule in that situation. Id. at 999. When judicial remedies have not been exhausted and there is no basis for waiving the exhaustion requirement, the petition must be dismissed. Id. at 1001. The Court finds no basis for granting waiver at this time, particularly since Petitioner may seek a remedy by joining the class action discussed below. Accordingly, this petition must be denied for lack of jurisdiction and failure to exhaust.

### B. IFP Motion

This action is also subject to dismissal for failure to pay the filing fee. On the same day that he filed this action, May 28, 2020, the Clerk mailed a notice to Petitioner that he needed to either pay the filing fee or file a complete application for leave to proceed IFP within twenty-eight days from the date of the notice i.e., no later than June 25, 2020, to avoid dismissal. Dkt. No. 7. Since that time, Petitioner has filed several documents in this matter, Dkt. Nos. 14, 15, 16, 17, demonstrating that he is able to communicate with the Court and yet has failed to respond as directed by the Clerk's notice. Accordingly, this matter must be dismissed for failure to pay the filing fee.

### C. Class Action

Petitioner seeks release based primarily on the current COVID-19 pandemic, asserting that he is at high risk of illness or death due to his health conditions if he gets infected with the virus. Dkt. No. 1 at 19. There is currently a class action pending under Zepeda Rivas v. Jennings, Case No. 20-cv-02731, in which a temporary restraining order

3

has been issued that identifies a process under which the court will decide whether to temporarily release people to mitigate the spread of COVID-19.  (The Court will order a copy of the Notice of Class Action to be provided to Petitioner with a copy of this order.)  Petitioner is advised to contact class counsel by dialing the "hotline" number (7654) from any housing unit phone to provide information about his circumstances to possibly obtain relief through the class action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The petition for a writ of habeas corpus is **DENIED** for lack of jurisdiction, failure to exhaust, and failure to pay the filing fee.

2.  Petitioner's motions for temporary restraining order, leave to proceed IFP, stay of removal, appointment of counsel, and to amend are DENIED as moot.  Dkt. Nos. 3, 4, 5, 6, 14, 15.

3.  The Clerk shall attach a copy of the notice of class action in Zepeda Rivas v. Jennings, Case No. 20-cv-02731, with a copy of this notice to Petitioner.

This order terminates Docket Nos. 3, 4, 5, 6, 14, and 15.

**IT IS SO ORDERED.**

Dated:  7/9/2020

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\HC.20\003558Mendez-Barocio.docx